UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher M. Russell,               Case No.  3:19-cv-02905

      Plaintiff

v.                                    MEMORANDUM OPINION
                                      AND ORDER

Warden, Lebanon Correctional Inst.,

      Defendant

**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Christopher M. Russell filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 18 U.S.C. § 242 against the Warden of the Lebanon Correctional Institution. Plaintiff is currently incarcerated in the North Central Correctional Complex ("NCCC"). From 2011 to 2014, he was incarcerated at the Lebanon Correctional Institution. He contends that the Lebanon Correctional Institution had a law library policy that limited inmate access to one time per month and only with a pass. He claims that policy caused him to miss the deadlines for filing his Motion to Reopen his Direct Appeal in state court and his federal Petition for a Writ of Habeas Corpus. He asserts that he was denied access to the courts and seeks declaratory and monetary relief.

**VENUE**

As an initial matter, the Northern District of Ohio is not the proper venue for this case. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the Court is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). The events in the Complaint occurred in the Lebanon Correctional Institution, which is located within Ohio's southern judicial district. The only Defendant is the Warden of that Correctional Institution, who is also a resident of Ohio's southern judicial district. Although the Plaintiff is now incarcerated in a prison located within Ohio's northern judicial district, venue is not based on the residence of the Plaintiff. The only court that is the proper venue for this action is the Southern District of Ohio.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, I find that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or

when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff indicates that this action is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and 18 U.S.C. § 242. These statutes, however, do not create an independent basis for federal subject matter jurisdiction. *Heydon v. Mediaone of Southeast Michigan*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950)). The Declaratory Judgment Act merely provides me with discretion to provide a certain type of relief if the Plaintiff is entitled to judgment under some other federal statute. *Id.* Therefore, prior to requesting declaratory judgment, Plaintiff must supply a well-pleaded Complaint which otherwise states a federal question. He cites to 18 U.S.C. § 242, which is a criminal statute. It does not provide a private right of action in a civil case. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008). Plaintiff does not provide a basis for subject matter jurisdiction.

Plaintiff could be attempting to assert a claim in a civil rights action under 42 U.S.C. § 1983. That claim, however, would be time-barred. Ohio's two-year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the Complaint took place between 2011 and 2014. This action was filed on December 11, 2019, well beyond the expiration of the two-year statute of limitations period. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

Furthermore, in order to hold an individual liable for damages, Plaintiff must establish that he or she was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff states that the current Warden is not the same individual who was at the prison when he was incarcerated there. He nevertheless indicates that he is suing the current Warden on a theory of *respondeat superior*. *Respondeat superior*, however, is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003). The current Warden was not employed in that capacity at the Lebanon Correctional Institution when Plaintiff was incarcerated there. The Complaint simply contains no facts which reasonably associate this Defendant to any of the claims set forth by Plaintiff.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this

4

action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge
